# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-00221-MSK-MJW

CROCS, INC., a Delaware corporation,

Plaintiff,

v.

AUSTRALIA UNLIMITED, INC., a Washington corporation,

Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff Crocs, Inc. ("Crocs") and Defendant Australia Unlimited, Inc. ("AU"), through counsel, hereby stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, in support thereof, state as follows:

1. <u>Purpose and Limitations</u>. In this action, both Parties are seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert that disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business interests. The parties also assert that the need for this Protective Order applies to certain information or materials that may be produced by a non-party as a result of discovery subpoenas or other requests. Accordingly, the Parties have entered into this Stipulation

and request that the Court enter this Protective Order for the purpose of preventing the disclosure or use of Confidential Information by any party or non-party except as set forth herein. The terms of this Protective Order shall apply to any information or materials produced by any party or non-party as part of discovery in this action. Each and every attorney with the law firms representing the Parties in this case shall be deemed to be subject to this Protective Order and shall be deemed to have actual knowledge of the restrictions herein.

2. <u>Definition of "Confidential Information."</u> The term "Confidential Information" means any document, device, file, portion of files, electronically or magnetically stored information or data, software code, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not otherwise available to the public - and designated by one of the Parties or a non-party in the manner provided in paragraph 3 below as containing or comprising trade secrets or confidential research, development, marketing, sales or financial information. Confidential Information shall constitute one of two categories of information or materials, as follows:

    a. <u>"Confidential"</u> shall be information or materials the release of which would harm the commercial or business interests of the designating party. Such materials may only be so designated if they are not otherwise publicly available, and the designating party has previously taken adequate steps to preserve the confidentiality of such information.

    b. <u>"Highly Confidential – Attorneys' Eyes Only"</u> shall be information or materials relating to highly sensitive technical, financial, personnel, organizational or

2

marketing matters, and for which any unprotected disclosure would likely cause the other party in this litigation to obtain a competitive advantage over the designating party. Information or materials may only be designated as "Highly Confidential – Attorneys' Eyes Only Material" if they are not otherwise publicly available, and only if the designating party has previously taken adequate steps to preserve the confidentiality of such information. If counsel for a receiving party believes that in order to prosecute or defend this action, he or she must be able to disclose documents or information designated as "Highly Confidential – Attorneys' Eyes Only Material" to his client or his client's representative, he or she will provide notice in writing of the documents or information he or she wishes to disclose and the designating party shall have five (5) business days to object. Any objections to a designation of material as "Highly Confidential – Attorneys' Eyes Only Material" or the disclosure of such information to a Party or its representative shall be resolved by the Magistrate, and the documents shall remain subject to the greater restrictions for materials designated as "Highly Confidential – Attorneys' Eyes Only Material" until the Magistrate resolves such dispute.

3. <u>Designation of "Confidential Information."</u> Where any kind of Confidential Information is produced, provided or otherwise disclosed by a Party or a non-party in response to any discovery request or subpoena, including by means of entry onto land or premises or by inspection of books, records, documents, or tangible things, such Confidential Information may be designated in the following manner:

a. By imprinting the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as appropriate, on each and every page of any document produced containing Confidential Information;

b. By imprinting the words "Confidential," or "Highly Confidential – Attorneys' Eyes Only" as appropriate, next to or above any response to a discovery request, or portion thereof; and

c. With respect to transcribed testimony, by giving written notice to opposing counsel sufficient to designate such portions as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as appropriate, no later than ten (10) calendar days after receipt of the transcribed testimony. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may give notice on the record that testimony about to be given is deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate. If during the course of a deposition, a document or other material that has previously been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is used, then that portion of the deposition shall be deemed to be subject to the same level of protection accorded to the designated document without further need of any written designation of the deposition transcript by the designating party.

4. <u>Restrictions on Confidential Information</u>. All Confidential Information provided by a Party or a non-party in response to a discovery request or subpoena or as transcribed

4

testimony shall be subject to the following restrictions on use by the receiving parties and authorized third parties:

    a.    "Confidential" material may only be disclosed or communicated to the following persons:

        (1)    The Parties' outside counsel of record in this action, and any regular or temporary employees of such counsel to whom it is necessary that the information or material be shown for purposes of this litigation;

        (2)    Employees of each of the Parties whose assistance is needed by counsel for the purposes of this litigation;

        (3)    Consultants as defined in Paragraph 4.c. below, but solely to the extent necessary for such consultants to provide their services with respect to this litigation;

        (4)    Graphics or design services firms retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other proceedings;

        (5)    Non-technical jury or trial consulting services retained by counsel for a party;

        (6)    Document reproduction or coding services retained by counsel for a party;

        (7)    Stenographic reporters engaged in proceedings incident to preparation for trial or trial;

   (8) Officers of this Court and their supporting personnel or officers of any appellate Court to which any appeal may be taken or in which review is sought.

 b. "Highly Confidential – Attorneys' Eyes Only Material" may only be disclosed or communicated only to persons as designated above in Paragraphs 4.a(1), 4.a(3), 4.a(7), and 4.a(8). All such persons as defined in Paragraph 4.a(3) shall acknowledge the terms of this Protective Order by executing a copy of the "Acknowledgment" of this Protective Order attached hereto. A copy of the executed Acknowledgment shall be provided to the Parties' counsel three (3) business days prior to the time any disclosure of Confidential Information is made to the person identified in Paragraph 4.a(3). Should the disclosing party have an objection as to recipient(s) of the Confidential Information, such objection shall be made within three (3) business days of receipt of the Acknowledgment. To the extent that an objection is raised, the Parties agree that the subject information shall not be disclosed without resolution of the objection by agreement of the Parties or by the Court.

 c. Consultants. For purposes of this Protective Order, a consultant shall be defined as a person who is *neither* an employee of a Party nor anticipated to become an employee, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a Party.

6

5. <u>Treatment of Confidential Information.</u> Confidential Information shall be used only for the purpose of preparing for this action. Confidential Information shall not be used by the recipient for any business, commercial, competitive purpose or for any other legal proceeding of any type, unless otherwise agreed by the parties. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. <u>Responsibility for Ensuring Compliance.</u> Counsel for a Party who receives Confidential Information shall take reasonable steps to ensure compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed as a result of counsel's receipt of such information from the disclosing Party. Counsel for the receiving Party shall obtain and retain the original Acknowledgements signed by qualified recipients of Confidential Information.

7. <u>Objections to Designation of Confidential Information.</u> If counsel for a receiving Party objects to the designation of certain information as Confidential Information, he or she shall promptly inform the designating Party's counsel in writing of the specific grounds of objection to the designation. Such written notice of objection shall be served promptly on all Parties. Counsel shall at the earliest practicable time, in good faith and on an informal basis, attempt to resolve any such dispute. If after such good faith attempts the Parties are unable to resolve their dispute, counsel for the designating Party may move for a specific protective order with respect to the particular material. The burden in such a motion shall be on the designating party to establish

7

good cause for whatever level of protection the designating Party seeks. The material that is the subject of such a motion for a particular protective order shall continue to have the particular Confidential Information status from the time it is produced until the ruling by the Court on the motion.

8. <u>Use in Court Proceedings</u>. In the event any material designated "<u>Confidential</u>" or "<u>Highly Confidential – Attorneys' Eyes Only</u>" is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the Parties through such use. To the extent that a party intends to provide any material designated "<u>Confidential</u>" or "<u>Highly Confidential – Attorneys' Eyes Only</u>" to the Court, the parties agree that they will follow the requirements of the Local Rules of the United States District Court for the District of Colorado for motions to seal, including but not limited to D.C.COLO.LCivR 7.2 and D.C.COLO.LCivR 7.3.

9. <u>Obligations after Final Disposition.</u> The provisions of this Protective Order shall, absent written permission of the producing Party, or further order of the Court, continue to be binding throughout and after the conclusion of this action, including any appeals or remands. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received Confidential Information shall return such materials, and all copies thereof (including summaries and excerpts) to counsel for the producing Party, or shall certify destruction thereof. The outside counsel for each Party shall be entitled to retain court papers, deposition transcripts, and attorney work product that contains, reflects or summarizes Confidential Information, provided that such

counsel, and employees of such counsel, shall not disclose any such Confidential Information to any person or entity except pursuant to a written agreement with the producing Party. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

10. <u>No Bar to Seeking Further Relief.</u> This Protective Order is not intended to preclude any party from seeking relief either from a provision of this Protective Order or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure.

11. <u>Treatment of Confidential Information in Court Proceedings.</u> In the event that any Confidential Information is to be used in any court proceeding in this action or any appeal therefrom, counsel for the Parties shall confer on such procedures as may be necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding, and shall incorporate such procedures, as appropriate, in any proposed pre-trial or pre-hearing order. Such proposed procedures, however, will not necessarily be binding on the Court, and the Court will exercise its own independent determination as to the propriety and/or adequacy of any such proposed measures.

12. <u>No Limit on Use of Party's Own Information.</u> This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential Information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of documents, information or materials designated as Confidential Information which:

    a.    have been or become part of the public domain by publication or otherwise, other than by any unauthorized act or omission on the part of the receiving party

9

(including its agents, experts, or attorneys) or a non-party alleged to have a duty to maintain such documents, information, or other material as confidential; or

b. was both lawfully obtained by and lawfully retained in the possession of the receiving party prior to and apart from this litigation; or

c. the receiving party lawfully receives from a non-party who obtained the same by legal means and without any obligation of confidentiality to the party claiming its confidential nature.

13. <u>Inadvertent Production of Undesignated/Misdesignated Confidential Information.</u> If a Party inadvertently produces Confidential Information without marking it as such, or with a designation that is insufficient for the level of confidentiality that should be attached to the material, it may be disclosed to others until the receiving Party is advised of the error. As soon as the receiving Party becomes aware of the inadvertent undesignation/misdesignation, the information must be treated as if it had been timely and correctly designated under this Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to have access to such information, as well as any copies made by such persons.

14. <u>Binding Effect of Protective Order Before Entry by Court.</u> The Parties agree to be bound by the terms of this Confidentiality Stipulation and Protective Order pending its entry by the Court, or pending entry of an alternative thereto. Any violation of the terms of this Protective Order prior to its entry, or prior to the entry of an alternative order, shall be subject to the same sanctions and penalties as if the stipulation had been entered as an order of the Court.

15. "Document." The term "document" as used in this Protective Order includes but is not limited to the following items, whether printed, microfilmed, computerized, electronically recorded in sound and/or pictures, or reproduced by any process, or written or produced by hand, and regardless of whether claimed to be privileged, confidential, or personal: letters, correspondence, memoranda, reports, summaries, notes, notebooks, sketches, prints, photographs, printed forms, manuals, brochures, diaries, books, lists, publications, agreements, working papers, wage surveys, intracompany and intercompany communications, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, and any and all other writings. The above items include any and all other materials of any tangible medium of expression and original or preliminary notes, including drafts, typing, printings, minutes, or copies or reproductions thereof.

16. Applicability to Non-Parties. An entity which is not a party to this litigation may take advantage of the protection of Confidential Information provided by this Order, and such entity shall be entitled to all rights and protections afforded the parties under this Order. Such entity shall also mark its documents and other things, to the extent practicable, with the appropriate designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

17. Advice of Counsel. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on materials designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only"; provided, however, that in rendering such advice and otherwise communicating with such client(s), counsel shall not specifically or generally disclose any item or information designated as

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" to people other than those permitted to receive such information pursuant to Paragraph 4.

18.   <u>Continuing Duty</u>.  The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order ~ until Termination of this case.

19.   The Parties jointly request that the Court enter this Protective Order as an Order of the Court.

**STIPULATED AND AGREED BY THE PARTIES:**

| | |
|---|---|
| s/ Jared B. Briant | s/ Paul J. Lopach |
| Natalie Hanlon-Leh | Paul J. Lopach |
| Steven D. Zansberg | Jennifer C. Miner |
| Christopher P. Beall | Steven J. Perfrement |
| Jared B. Briant | Holme Roberts & Owen LLP |
| Faegre & Benson LLP | 1700 Lincoln Street, Suite 4100 |
| 1700 Lincoln Street, Suite 3200 | Denver, Colorado 80203 |
| Denver, Colorado 80203 | Telephone:  (303) 861-7000 |
| Telephone:  (303) 607-3500 | Facsimile:  (303) 866-0200 |
| Facsimile:  (303) 607-3600 | |
| | |
| Attorneys for Plaintiff CROCS, Inc. | Attorneys for Defendant Australia Unlimited, Inc. |

*(margin annotation: MJW 4-17-07)*

ENTERED BY THE COURT this 17TH day of April 2007.

BY THE COURT:

*[signature]*

United States Magistrate Judge

**MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-00221-MSK-MJW

CROCS, INC., a Delaware corporation,

Plaintiff,

v.

AUSTRALIA UNLIMITED, INC., a Washington corporation,

Defendant.

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

The undersigned has read the foregoing Stipulated Protective Order signed by the Parties thereto (the "Order"), understands its contents, and hereby undertakes and agrees to abide by its terms, including, without limitation, those terms regarding the use of any CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY information (as defined in the Order). The undersigned agrees to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms and conditions of the Order.

_____     _____
Dated                                                          Name (Print or Type)


                                                               _____
                                                               Signature

14