IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00221-MSK-MJW

CROCS, INC.,

Plaintiff,

v.

AUSTRALIA UNLIMITED, INC.,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Defendant's Motion for Leave to Depose George Boedecker (Docket No. 130) is **granted**. The Scheduling Order in this case provides in pertinent part that "[t]his scheduling order may be altered or amended only upon a showing of good cause." (Docket No. 66 at 16). Based upon the circumstances set forth by defendant (See Docket No. 191), the court finds good cause for allowing additional time for defendant to depose Mr. Boedecker. In addition, the court finds that plaintiff will not be prejudiced by allowing such additional time. Defendant shall have 60 days from the date of this Minute Order to serve Mr. Boedecker and conduct his deposition.

It is further **ORDERED** that Defendant's Motion to Abrogate Privilege and Compel Discovery (Docket No. 131) is **denied**. Plaintiff has agreed to redesignate certain documents. (See Docket No. 179 at 10-11). Furthermore, substantially for the reasons stated in plaintiff's Response (Docket No. 179), this court finds that the defendant has not provided justification for removal of the "Attorneys Eyes Only" designation from all documents produced by plaintiff in this case. The court finds no basis to question plaintiff's good faith in its designation of the documents in this case. In addition, the court agrees with plaintiff that relief under Paradigm Alliance, Inc. v. Celeritas Technologies, LLC., 248 F.R.D. 598 (D. Kan 2008), is not appropriate under the circumstances presented here. Finally, the court finds that defendant has not shown that it will be prejudiced by the denial of its motion.

It is further **ORDERED** that Defendant's Motion to Disallow and Modify Attorney's Eyes Only Designation (Docket Nos. 142 and 144) is **denied**. Substantially for the reasons stated in the plaintiff's Opposition (Docket No. 169), the court finds that plaintiff has not waived the attorney-client privilege or work product privilege. Plaintiff gave an

explicit limited waiver for a narrow category of communications, and the court finds no basis in law or in fact for finding that such waiver has been or should be expanded in the manner sought by defendant.  Furthermore, plaintiff has made an adequate showing that the plaintiff's attorneys' prosecution file documents that have been withheld are protected based on the work product doctrine.  In addition, defendant has not made a showing of a compelling need for these work product documents.  Finally, defendant has not made a prima facie showing of fraud.  The court agrees with plaintiff that defendant's showing relies solely on conclusory and unsupported allegations, which are insufficient to vitiate the privilege under the crime-fraud exception.

Date:   October 31, 2008

_____